# ⓢ Stamboulieh Law, PLLC

P.O. Box 4008, Madison, MS  39130 | (601) 852-3440 | stephen@sdslaw.us

March 22, 2016

Ms. Marcia M. Waldron, Clerk
U.S. Court of Appeals for the Third Circuit
21400 United States Courthouse
601 Market Street
Philadelphia, PA  19106-1790

     **Re:** USA, et al v. One Palmetto State Armory PA 1, et al; No. 15-2859; Citation of Supplemental Authorities pursuant to Rule 28(j) of the Federal Rules of Appellate Procedure

Dear Ms. Waldron:

     Mr. Watson submits this supplemental letter under Fed. R. App. P. 28(j) and L.A.R. 112.8(g) to inform the Court of the Unites States Supreme Court's decision in *Jaime Caetano v. Massachusetts* 577 U. S. ____ (2016) (per curiam) (attached).

     The Supreme Court has now summarily reversed the Supreme Judicial Court of Massachusetts' holding that:

> ... a stun gun is not the type of weapon that is eligible for Second Amendment protection." … The court reasoned that stun guns are unprotected because they were "not 'in common use at the time' of enactment of the Second Amendment," … and because they fall within the "traditional prohibition against carrying dangerous and unusual weapons[.]"

*Id.* (citations and punctuation omitted).

     Justice Alito joined by Justice Thomas concurred and applied the Court's reasoning to argue that the "pertinent Second Amendment inquiry is whether stun guns are commonly possessed by law-abiding citizens for lawful purposes today."  (Alito, J. Concurring). The facts in *Caetano* demonstrated "approximately 200,000 civilians owned stun guns as of 2009." *Id.* at p.9.  Therefore, the concurrence stated, "While less popular than handguns, stun guns are widely owned and accepted as a legitimate means of self-defense across the country." *Id.*  The number of stun guns is almost the same as the number of machineguns possessed by law-abiding citizens for lawful purposes today.

*See* Appellant's Opening Brief, pp. 7, 39-40. *See also* FRAP 28(j) letter filed on March 9, 2016 regarding number of machineguns. Additionally, as Justice Alito stated, "As the *per curiam* opinion recognizes, [dangerous and unusual] is a conjunctive test: A weapon may not be banned unless it is *both* dangerous *and* unusual." *Id.* p. 6. (emphasis in original).

The concurrence restated that the "Second Amendment extends, prima facie, to all instruments that constitute bearable arms, even those that were not in existence at the time of the founding." *Id.* p. 4. This corresponds to Mr. Watson's argument regarding the machinegun at issue being a bearable arm, and as such, receives Second Amendment protection. *See* Appellant's Opening Brief, pp. 10, 12, 24, 31, 33-34, 45.

>Yours very truly,
>
>/s/ Stephen D. Stamboulieh
>Stephen D. Stamboulieh

cc: All counsel of record (by the Court's electronic filing system)